## Chicago & North Western Railway Co.
### v.
## Gottlieb Stube.

1. NEGLIGENCE—INSTRUCTION.—Where a court submitted it to the jury to find for the plaintiff if the injury was by defendant's engine, and the engine at the time and place had not a light upon it, showing in which direction it was moving, etc., and no ordinance requiring such precaution was introduced in evidence. *Held*, that such a direction was wrong and misleading. The question of negligence was one of fact for the jury and not of law for the court.

2. INSTRUCTIONS.—The seventh instruction given in this case is erroneous, in that there was no evidence whatever that any witness for defendant testified under a fear of losing his employment, or a desire to please his employer, and because, taken as a whole, it afforded to the jury a means

and justification for discrediting and disregarding the testimony of the witnesses on behalf of a railroad company upon mere conjecture and metaphysical speculation.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.   Opinion filed May 20, 1884.

This action was by appellee, Stube, against the appellant corporation, to recover for a personal injury to appellee, occasioned, as he alleges, by his being struck by a locomotive of appellant, while crossing the track of the latter at a street crossing in the city of Chicago, by reason of negligence on the part of appellant's agents and servants.   There was a trial resulting in a verdict and judgment against appellant for $3,500, which appellant claims ought to be reversed for manifest error.

The evidence was conflicting upon the question of ordinary care on the part of Stube upon the occasion in question, also as to there being any negligence on the part of the railway company, with a very decided preponderance in favor of the latter.

Although it was alleged in one count of the declaration that there was an ordinance of the city requiring the railway company, and other such companies, to have in the night time a conspicuous light burning on the forward end of every locomotive engine, and that in violation thereof the appellant had none upon this occasion, though in the night time, and averred that the injury to Stube was the result of that neglect, yet no evidence of any such ordinance was introduced on the trial, and the court, in the first instruction for the plaintiff, submitted to the jury the question of the omission of the defendant to have such light on the locomotive.

This was the instruction:

1.   " If the jury believe from the evidence that at the time and place testified by him the plaintiff was injured by an engine of the defendant corporation, and that at such time and place the engine in question had not a light upon it showing the direction in which the engine was moving, if you believe from the evidence the engine was moving, and that the time

C. & N. W. Ry. Co. v. Stube.

was in the night time, or that the engine in question, while in motion, did not have a bell continually ringing, and if you further believe from the evidence that the plaintiff was struck and injured at the railroad crossing in question, as charged in the declaration, in consequence of the omission to have such light or to ring such bell, and also believe from the evidence that the plaintiff himself was at the time exercising ordinary care and caution for his own safety and to avoid •ccidents, then the defendant is liable to the plaintiff for the loss and damage sustained by him by reason of such injury, if any such loss or damage has been proven."

There was no evidence tending to show that any witness testified under any fear of losing his employment, or a desire to please his employer, yet this instruction was given for plaintiff:

7th. "If the jury believe from the evidence that any witness has testified under a fear of losing his employment, or a desire to please his employer, then such fact may be taken into account by the jury in determining the degree of weight which ought to be given to the testimony of such witness, and in such case the jury have a right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives, and how far such feelings or motives, on the part of the witness, may tend to warp his judgment, or pervert the truth, and the jury, after applying their own knowledge of human nature and the philosophy of the human mind to the investigation of the subject, are to judge of the weight which ought to be given to the testimony of such witness, taking the same in connection with all the other evidence in the case."

Mr. B. C. Cook, for appellant; as to instructions, cited C. & N. W. Ry. Co. v. Schumilowsky, 8 Bradwell, 620; I. B. & W. R. R. Co. v. Birney, 71 Ill. 391; Alexander v. Mt. Sterling, 71 Ill. 366; Holcomb v. Davis, 56 Ill. 413; Pease v. Catlin, 1 Bradwell, 88.

Messrs. Clifford, Anthony & Paulsen, for appellee; cited C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; T. W. & W. Ry.

Co. v. McGinnis, 71 Ill. 346; I. & St. L. Ry. Co. v. Smith, 78 Ill. 112.

McAllister, P. J.    The evidence upon the question of ordinary care on the part of the plaintiff and negligence on the part of the defendant below, was not only conflicting, but, judging from the record, the clear preponderance of it was against the plaintiff upon both those essential facts.    It is, therefore, a case for the application of the rule requiring accurate instructions, and a reversal of the judgment for anything substantially improper and prejudicial in them.    We are of opinion that the first and seventh instructions for the plaintiff were of that character.

By the first, the court submitted to the jury to find for the plaintiff if the injury was by an engine of the defendant; that the engine, at the time and place, had not a light upon it showing in which direction it was moving, and it was night at the time.    No ordinance of the city upon that subject was introduced in evidence, so that the instruction, in that particular, amounted to a direction by the court that the moving an engine by the defendant in the night time, no matter under what circumstances, without having a light upon it showing the direction in which it was moving, was negligence *per se*, and as a matter of law.    Such a direction of the jury was clearly wrong and misleading.    In the absence of a statute or ordinance requiring such a precaution, the question of negligence was one of fact for the jury, and not of law for the court.    There is no such statute, and no ordinance of any kind is to be found in the record.    The counsel for appellee take the position that proof of the ordinance, or the introduction of it in evidence was unnecessary; that courts will take judicial notice of such ordinance.    ·We are aware of no statute authorizing the courts to take judicial notice of the ordinances of the city of Chicago, when they come in question collaterally, as in this case.

The seventh instruction for plaintiff below was improper for two reasons:    (1.)    There was no evidence whatever that any witness for the defendant testified under a fear of losing

C. & N. W. Ry. Co. v. Stube.

his employment, or a desire to please his employer; so that it submitted to the jury a question of fact, as to which there was no evidence, except the fact of the existence of the relation of employer and employe, as respected the defendant's witnesses, or the greater part of them. (2.) The instruction, taken as a whole, affords to the jury what in many instances they are too anxious to find, viz.: A means and justification for discrediting and disregarding the testimony of the witnesses on behalf of a railroad company upon mere conjecture and metaphysical speculation. A moment's reflection will show the utter unfairness of such an instruction. Here is the plaintiff testifying in his own behalf, where he has thousands of dollars at stake. The instruction does not apply to him. His credibility is subjected to no test; but those who are called to testify in opposition to him, having no interest in the event of the suit may, upon the mere ground that they are in the employment of the railroad company, be discredited upon conjecture and metaphysical theories born of prejudice alone. Railroad companies, when they voluntarily come or are brought into the courts, are entitled to no greater, no less rights than private individuals. The rights of all litigants in a court of justice should be equal; impartial justice, devoid of the influences of passion or prejudice, should be the end sought. Such an instruction affords the means for the unlimited sway of both passion and prejudice. If the means of discrediting witnesses there prescribed shall be sanctioned, we are unable to perceive how we could ever determine from the record, in such a case, that the clear weight and preponderance of the evidence was against the plaintiff. But, inasmuch as we have never found such a mode sanctioned by any decided case of authority, or in any elementary work on evidence, we must condemn it, not only for that reason, but for its inherently mischievous tendency to thwart the due administration of justice.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.