## ABRAHAM ESPEN

### v.

## LOUIS H. ROBERTS ET AL.

*Negligence—Co-tenants—Damage by Water—Instructions.*

An instruction, though correctly stating a proposition of law, should not be given, in the absence of evidence upon which it can be based.

[Opinion filed June 14, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. ISRAEL COWEN, for appellant.

We assert that there is not a scintilla of evidence showing, or tending to show, that the plaintiff or any of his employes caused the damage complained of, and none will be claimed to exist.

Under the rules thus far laid down by the Supreme Court, and this court, the giving of an instruction predicated on evidence not in the record, is such an error as will reverse. Village of Evanston v. Lynch, 1 Ill. App. 63; Pease v. Catlins, Ill. App. 88; Hunting v. Baldwin, 6 Ill. App. 547; Irwin, Adm'r, v. Atkins et al., 8 Ill. App. 221; Moon v. Jennings, 8 Ill. App. 168; Covert v. Nolan, 10 Ill. App. 629; Champion Co. v. Bradley, Id. 328; Hubner v. Feige, 90 Ill. 208; C., B. & Q. R. Co. v. Harwood, Adm'x, 90 Ill. 425; The Chicago West Division R. Co. v. Mills, 91 Ill. 39; Heir v. People, 102 Ill. 540.

Mr. F. C. HALE, for appellees.

GARY, J.  The appellant occupied a part of the second floor of a store.  The appellees occupied the whole of the fourth floor.  On this floor the appellees had a tank to which a pipe from the city water supply led.  There was a stop-cock in the pipe on the appellees' floor, but it was left open.  On the morning of May 6, 1887, it was discovered that during the

preceding night this tank had filled and overflowed, and damage been done to the appellant's goods, for which he brought this action.    There is no evidence connecting the appellant, by the remotest allusion, with the management of this water supply.

The first instruction on behalf of the appellees is: "If the jury believe from the evidence that the damages sustained by the plaintiff were caused by the negligence of the plaintiff or by the negligence of any employe of the plaintiff, the jury must find for the defendants."

I wish to disavow in the strongest terms any suspicion that the judge of the Circuit Court ever thought of the sinister effect this instruction might have upon the jury.    As a proposition of law it is correct, but there is not a scintilla of evidence to base it upon.    With no other knowledge of these parties than such as may be inferred from their names, it is reasonably certain that the appellant is a Jew, and the appellees are not.    A jury so predisposed, might have taken this instruction as a justification for the verdict against the appellant, because of, and only because of, his race.    There is, therefore, in this case more than common reason for holding that an instruction, referring to the evidence, when there is none, as the basis for the action of the jury, is erroneous.    The cases on that point are very numerous, and readily found in the digests.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*