# City of Chicago
## v.
## Francis Colman.

*Municipal Corporations—Negligence—Defective Sidewalk—Personal Injuries—Damages—Excessive Verdict—Evidence—Burden of Proof— Instructions—New Trial.*

1. An instruction in the absence of evidence upon which it can be based should not be given.

2. In an action brought for the recovery of damages from a municipality, for injuries suffered through a defective sidewalk, this court holds that in view of the evidence the verdict for the plaintiff in the sum of $4,000 was excessive, and that the trial court erred in refusing to grant the defendant's motion for a new trial for that reason.

3. In actions of this character the burden of proof is upon the plaintiff, to show not only such circumstances as make the municipality answerable for the injury sustained, but also the character and extent thereof.

[Opinion filed October 28, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Julius S. Grinnell, Judge, presiding.

Mr. George F. Sugg, C. S. Cameron and W. E. Hughes, for appellant.

Messrs. Case, Judson & Hogan, for appellee.

Our Supreme Court has held in Christian v. Irwin, 125 Ill. 619, that "the amount of damages a party may have sustained from a personal injury is a question of fact."

This court has wisely said in Anglo-American P. & P. Co. v. Bair (not yet reported): "In truth, money is no equivalent for such injuries, but it is the only reparation the law can give, and the amount must be left to a jury to fix, subject to correction in case of abuse." And again in Wilcox v. Railway Co. (not yet reported), this court said: "The damages awarded are large, that is, a large sum of money—$15,000. Are they more than compensation? If the appellee is entitled to anything he is entitled to full compensation. Is that limited to making good the probable pecuniary loss to him,

for having lost one leg to go upon, either natural or artificial, or shall other deprivations which can not be recited without the use of language which excludes arithmetic, be taken into account? His life is wrecked, whether for business or pleasure. Hope is denied him. By the various tables of mortality at the time of the trial his expectation of life ranged from forty to fifty years. Where 'suffering in body and mind is the result of injuries caused by negligence, it is proper to take them into consideration in estimating the amount of damages.' Of the amount, under the facts, the jury were the sole judges, and where no other evidence of prejudice or passion appears in the finding, courts seldom set aside a verdict for excessive damages in an action like this. The court will not take the responsibility of determining that the damages are exorbitant." Citing Railroad Co. v. Simmons, 38 Ill. 242; Railroad Co. v. Stables, 62 Ill. 320; Railroad Co. v. Martin, 111 Ill. 219; Railroad Co. v. Holland, 18 Ill. App. 418.

In Railway Co. v. Barrett, 16 Ill. App. 30, the Appellate Court of the Second District lays down the rule, that "where pain and suffering are recognized elements in assessing damages for personal injuries, there can be no certain rules for their admeasurement, and consequently the law has let the assessment to the sound judgment of the jury, guided by proper instructions from the court, and before a court should interfere with the findings, by putting itself in the place of the tribunal, primarily established by the law to determine this question, it ought to be well advised that such verdict is not the result of the calm, dispassionate judgment of the jury, but results from some improper motives or influences, and that injustice would be done if the verdict should be allowed to stand."

This rule was approved by the Appellate Court of the Fourth District in Railway Co. v. Frazier, 26 Ill. App. 440.

In Whitcofsky v. Weir, 32 Fed. Rep. 307, $4,000 was held not excessive damages for the loss of a hand.

In Reed v. Railway Co. (Iowa), 37 N. W. Rep. 149, a verdict for $8,250 was not disturbed where it was shown upon the trial that the plaintiff, a man of sixty-five years, was struck by a train, thrown from his wagon and that several of his ribs

were broken, that his lung was punctured, which caused great suffering and confined him indoors for several weeks, and that the injuries were apparently permanent.

A verdict for $6,933 awarded to a woman for personal injuries who had been in good health, where the evidence as to the nature and extent of the injury was conflicting, but tended to show that she had received internal injuries resulting in uterine troubles, from which she was suffering at the time of the trial, was held not excessive.    Railway Co. v. Lee (Texas), 7 S. W. Rep. 324.    $5,000 for the loss of one eye not excessive: Johnson v. Railway Co., 9 S. W. Rep. 790; $6,500 for loss of eye, not excessive: Railway Co. v. Able, 9 S. W. Rep. 871; $8,000 not excessive for injury causing permanent stiffness of ankle joint: Henry v. Railway Co. (Iowa), 39 N. W. Rep. 193; $5,500 not excessive for temporary injury ; no loss of limb: Karasich v. Hasbrouck et al., 28 Wis. 569; for the loss of hand and other injuries $4,700 was deemed not only not excessive but as quite moderate: Railroad Co. v. DeBray, 71 Ga. 406.

And so we could go on almost indefinitely, citing case after case where verdicts ranging in amounts from $5,000 to $50,000 have been held to be not excessive.    Railroad Co. v. Alberti, 43 Hun, 421; Railroad Co. v. Thompson, 64 Miss. 584; Railroad Co. v. Ketcham, 33 La. Ann. 777; Groves v. Rochester, 39 Hun, 5; Railroad Co. v. Moore, 34 Kan. 197; Funston v. Railroad Co., 61 Iowa, 452; Railroad Co. v. Robinson, 48 Cal. 409; Railroad Co. v. Young, 19 Kan. 438; Railway Co. v. Porfert, 10 S. W. Rep. 207; Railway Co. v. Rosenweig, 4 Cent. Rep. 712.

GARY, P. J.    This is an action to recover damages for personal injury from the breaking of a plank in a sidewalk, resulting in the leg of the appellee going through the hole, and the knee-cap striking the edge of the plank in front. The leg was bruised, the appellee lost three or four weeks' time, has suffered a good deal of pain, and was not cured at the time of the trial.

The only evidence as to the probable future condition of the appellee was from the physician, who said that the pres-

ent swelling was the result of inflammation, and that he thought that the appellee could be cured, but how and in what time is somewhat vaguely stated in his testimony.

The court instructed the jury that if they found from the evidence that the injury was permanent and incurable, they should take that into consideration in assessing the damages. The jury found for the appellee, $4,000.

In looking at all the evidence it is clear that, as compensation for past expense, loss of time and suffering, the verdict is excessive. It could only be justified as a compensation for future disability to some considerable extent. " There is no doubt that bodily pain and suffering is a proper item of damages in such cases. Nor is the evidence necessarily limited to suffering which is past, where the proof renders it reasonably certain that future pain and suffering is inevitable. Damages are to be proved, and none can be allowed except such as are shown by the proof to be, at least to a reasonable degree, certain." Curtis v. R. & S. R. R., 18 N. Y. 535. The instruction was excepted to, and one ground of the motion for a new trial was the excessiveness of the verdict, the denial of which motion was also excepted to.

The burden was upon the appellee to show not only such circumstances as made the city answerable for the injury he had sustained, but also the character and extent of the injury, so that the jury should have other grounds for such a verdict than that the plaintiff was an individual to whom the sum would be very convenient, and the defendant a large city to whose gross outlay it would be an almost inappreciable addition; and that it might be conjectured, though not proved. that his injury was serious and permanent.

The views above expressed render it needless to examine questions of variance and criticism upon instructions, the grounds for which can be removed or avoided upon another trial.

For the error in giving an instruction without evidence to base it upon, and for that of not granting a new trial on account of the excessive damages, the judgment is reversed and the cause remanded.

*Reversed and remanded.*