# ST. LOUIS, ALTON & TERRE HAUTE RAILROAD COMPANY

## v.

## JAMES B. WALKER.

*Railroads—Negligence of—Injury to Stock—Evidence—Instructions.*

1.   Where in a given case the evidence is sharply conflicting upon material and vital questions of fact, the jury should be accurately instructed, and the instructions should be based upon the evidence.

2.   In the absence of evidence going to show that a witness stands in fear of being discharged by his employer, a party to a given suit, unless he testifies favorably to the latter, an instruction should not be given based upon such assumption.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of Williamson County; the Hon. GEORGE W. YOUNG, Judge, presiding.

Messrs. CLEMENS & WARDER, for appellant.

Messrs. DUNCAN & RHEA, for appellee.

GREEN, J.   This suit was commenced by appellee in a justice's court to recover damages for injury to his stock by appellant's train, alleged to have been caused by the negligence of its servants in managing and running said train.   The cause was tried on appeal in the Circuit Court and a verdict and judgment for $100 in favor of plaintiff resulted, and to reverse this judgment defendant appealed.   The horses belonging to plaintiff were grazing in an open space half a mile west of a crossing over defendant's road, and as defendant's train, running east, passed the horses, they started and ran east in the inclosed public highway, parallel with the train, sometimes ahead and at times in the rear of or parallel with the engine, until they reached a point where the highway curved south, and turning at this point, continued to run toward the

St. L., A. & T. H. R. R. Co. v. Walker.

crossing, over which two of the horses passed in front of the engine. The other horse was either struck by the engine or ran against the side of it and received the injuries resulting in its death. The evidence was sharply conflicting upon the material and vital questions of fact, and in this state of the proof the jury should be accurately instructed and the instructions should be based upon the evidence. Several of the instructions given for plaintiff were not accurate and were calculated to mislead or prejudice the jury to the injury of the defendant. The sixth instruction draws especial attention to defendant's witnesses and their relationship to defendant, and this is supplemented by the seventh, as follows: " If you believe from the evidence that any witness has testified under an influence of fear of being discharged by his employer or if any have manifested any personal feeling, prejudice or bias, one way or the other, such fact or facts may be taken into account by you in determining the degree of weight to be given the testimony of such witnesses; and in such case you have the right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives on the part of a witness—may tend to warp his judgment or pervert the truth, and after applying your own knowledge of human nature and of the philosophy of the human mind to the investigation of the subject, are to judge of the weight which ought to be given to the testimony of such witness, taking the same in connection with all the evidence in the case." Omitting all other criticism of this instruction, there was no evidence that the witnesses for defendant entertained any fear of being discharged or were influenced by such fear. The only witnesses for defendant were its employes, and no employe of plaintiff testified; hence that part of the instruction—" If you believe from the evidence that any witness has testified under the influence of fear of being discharged by his employer," was not based on any evidence and is aimed at defendant's witnesses only. The effect of the instruction was to create prejudice and invite the jury to view with distrust their testimony. Instructions of this character have been condemned frequently by our Supreme Court, and among the

later cases announcing the rule that instructions should be based upon the evidence and should be accurate where the evidence is conflicting, as in this case. See City of Sterling v. Merrill, 124 Ill. 522; C., R. I & P. Ry. Co. v. Felton, 125 Ill. 458; McGinnis v. Fernandes, 126 Ill. 228; Holloway v. Johnson, 129 Ill. 367; Wilbur v. Wilbur et al., 129 Ill. 392.

For the error in giving the sixth and seventh instructions on behalf of plaintiff below, the judgment is reversed and the cause remanded.

*Reversed and remanded.*