## Barzynski v. Stolba.

1. INSTRUCTIONS—*Must be Based upon the Evidence.*—An instruction not predicated upon the evidence in the case, or which misstates the same, is erroneous.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 13, 1894.

The statement of the facts is contained in the opinion of the court.

Alexander Sullivan and E. J. McArdle, appellant's attorneys.

Ashcraft & Gordon, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

If the appellee was entitled to recover, the common count for work, labor and materials, was all the count needed. Geary v. Bangs, 37 Ill. App. 301.

The appellant, the rector of St. Stanislaus Polish Roman Catholic Church, employed the appellee, an engraver, to make a thousand medals for a hundredth anniversary occasion.

The inscription contained the word "Swieca," which alone means candle, but with dots—cedillas—under e and a, the pronunciation of the word is changed from "sweitza" to "swenzo," and the meaning is changed to "celebrate."

The medals made were without cedillas, and the question of fact is whether by neglect of the appellant in giving, or of the appellee in following, instructions.

For the appellee the court gave two instructions so much alike that one is sufficient, as follows:

"You are further instructed that if you believe from the evidence that defendant gave plaintiff an order for medals and gave him definite instructions to what should be placed upon such medals, and that plaintiff in making such medals placed thereon words, figures and pictures not embraced in the written instructions, and if you believe from the evidence that said medals were tendered to defendant, and that he made no objections to such additional words, figures and pictures, but approved of the same, and has not and does not make objections to such medals on account thereof, then the fact, if it is the fact, that such additional words, figures and pictures were placed upon said medals, would not prevent the plaintiff's recovering in this action, provided he com-

pleted said medals according to the contract and the written instructions as hereinbefore stated."

All of the evidence in the case upon either side, upon that point, is that the appellant never did approve the medals, but always, and still at the trial, objected to, and refused to accept, the medals, because of the absence of the cedillas.

There was no contest about additions, but omissions; and the instructions are not only without evidence, but confusing and misleading. Such instructions are erroneous. Espen v. Roberts, 33 Ill. App. 268; Chicago v. Colman, 33 Ill. App. 557; St. Louis, A. & T. R. R. v. Walker, 39 Ill. App. 388.

For that error the judgment is reversed and the cause remanded.