## Illinois Central Railroad Company v. James F. Leggett.

1. WITNESSES—*Employes—Credibility of.*—In the absence of all proof of bias or prejudice resulting from their employment, an instruction to the effect that if the jury believe, from the evidence, that any employe has testified under a fear of losing his employment, or a desire to avoid censure, or a fear of offending, or a desire to please his employer, they may take such circumstances into consideration in weighing the evidence, is erroneous.

**Trespass on the Case,** for killing a horse. Appeal from the County Court of DeWitt County; the Hon. GEORGE K. INGHAM, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 19, 1896.

WILLIAMS & CAPEN and FRED BALL, attorneys for appellant.

CHAS. R. ADAIR, attorney for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Case, against appellant, for loss of a horse alleged to have gotten on its right of way through an insufficient fence and

to have been killed by its train. Verdict for plaintiff for $90 damages and $25 for attorney's fees. Motion for a new trial overruled, judgment on verdict and appeal by defendant.

The line of the track was north and south. Two pasture lots, next west, were divided by a poor fence, in which was a gate often left open by trespassers and found open on the morning of the accident. There was a wire fence on the west side of the south pasture, in which the horse was kept, that appellant claimed was good and sufficient. That on the same side of the north pasture was of posts and boards, which appellee claimed was by no means sufficient. Neither of these claims, however, was conceded. The principal dispute was whether the horse escaped through the board fence as claimed by appellee, or through the wire fence, as claimed by appellant; and upon all, as well as that of negligence or due care on the part of appellant with reference to the fences, the evidence was more or less conflicting.

The court gave, among others, the following instruction : " If the jury believe from the evidence that any witness has testified under a fear of losing his employment, or a desire to avoid censure, or a fear of offending, or a desire to please his employer, then such fact may be taken into account by the jury in determining the degree of weight which ought to be given to the testimony of such witness. And in such case the jury have a right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives, and how far such feelings or motives on the part of a witness may tend to warp his judgment or pervert the truth. And the jury, after applying their own knowledge of human nature and of the philosophy of the human mind to the investigation of the subject, are to judge of the weight which ought to be given to the testimony of such witness, taking the same in connection with all other evidence in the case."

Here is singled out a particular relation—that of employe as affecting the credit of a witness—which, in this case, applies only to those called for appellant, while the evidence shows another on the other side—that of parent—which is

not noticed. Were the jury to infer, from its omission, that the law recognizes some natural tendency to bias in an employe but none whatever in a father?

The main objection to the instruction, however, is the entire lack of evidence that any employe did testify under any of the fears or desires indicated in it. The fact that they were employes was not, of itself, such evidence. C., R. I. & P. R. R. Co. v. Givens, 18 App. 408. That fact was not stated hypothetically, but assumed, and properly so, because it was admitted. The court did not say or mean " if you believe " that fact you may consider it as tending to prove they so testified, for there was no " if " about it; but "if you believe from the evidence," as though there was some such " evidence," which the jury might or might not " believe." There was none. The instruction was, therefore, erroneous, and affecting alike, as it did, nearly all of appellant's witnesses, materially harmful. See C. & N. W. Ry. Co. v. Stube, 15 App. 39; St. L.; A. & T. H. Ry. Co. v. Higgins, 20 Id. 639. For that error the judgment will be reversed and the cause remanded. Some others are complained of, but as they are not likely to be repeated on another trial, need not be here particularly noticed. Reversed and remanded.