## The Illinois Central Railroad Company

### *v.*

## John L. Davenport.

*Opinion filed December 21, 1898.*

1. Appeals and errors—*assignments of error not referred to in briefs are waived.* Assignments of error as to the admissibility of evidence are deemed waived, on appeal, where the briefs of counsel make no reference to the court's rulings in that regard.

2. Same—*when Supreme Court cannot consider sufficiency of evidence.* The Supreme Court cannot consider the sufficiency of the evidence as establishing the relation of carrier and passenger where no instruction to find for defendant on the ground of the insufficiency of the evidence is requested.

3. Same—*whether damages are excessive is settled in Appellate Court.* Whether the damages awarded by the jury in an action for personal injury are excessive is a question settled by the judgment of the Appellate Court.

4. Railroads—*one entering car by advice of ticket agent is not a trespasser.* One purchasing a ticket from the regular agent and entering a train by his direction is not a trespasser, and is to be regarded as lawfully upon such train until advised of a regulation forbidding the carriage of passengers thereon and given an opportunity to alight with safety.

5. Same—*when not necessary to prove the rate of speed alleged.* In an action for injuries received by plaintiff from his violent and intentional ejection from a moving train it is not necessary that the rate of speed of such train be proved as alleged, as the rate of speed in such case is important only as showing the dangers attendant on a violent expulsion, and as characterizing the act of ejection.

6. Instructions—*when instruction does not submit question of law to the jury.* An instruction which repeats the material averments of the declaration and concludes by directing the jury to return a verdict for the plaintiff "if they believe, from the preponderance

of the evidence, that the material allegations of the plaintiff's declaration are true," does not submit to the jury the question of law as to what averments are material.

7. SAME—*failure of instructions to state duty not involved in the case not reversible error.* The failure of instructions, in an action against a carrier, to refer to the duty of persons desiring to take passage to enter a car provided for passengers, and at the proper door, is not reversible error, where such duty is not involved in the case.

*Illinois Central Railroad Co.* v. *Davenport,* 75 Ill. App. 579, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

This was an action of trespass on the case by the appellee, against the appellant company. The declaration alleged in the first count the appellee was a passenger, and in the second count he was lawfully upon one of appellant's freight trains, and in both counts that certain servants and employees of the company unlawfully, wickedly, forcibly and maliciously, while the said train was moving at a high rate of speed, with great force and violence ejected appellee from said train; that appellee thereby received great and permanent injuries, wounds and bruises and suffered great pain, and was thereafter greatly hindered and prevented, by such wounds, bruises and pains, from transacting his business, etc. The speed of the train was alleged to have been twenty miles per hour in the first count and twenty-five miles per hour in the second, the allegations in each count being under a *videlicit.* The plea was not guilty. A hearing before a court and jury resulted in a verdict and judgment for the appellee in the sum of $2000. The Appellate Court affirmed the judgment and the appellant has perfected this appeal.

I. A. BUCKINGHAM, for appellant.

MILLS BROS., for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The briefs of counsel make no reference to the rulings of the court as to the admissibility of evidence, and all assignments as for error of that nature are deemed waived.

It is not contended any ruling of the court in passing on the instructions, or otherwise, improperly defined the relation of passenger or carrier. The court was not called upon to instruct the jury the evidence was insufficient to support the verdict for appellee, hence that question does not arise upon this record. We cannot consider whether the facts disclosed by the evidence were or were not sufficient to establish that, as a matter of fact, the relation of passenger and carrier existed.

In order to determine alleged errors in other rulings of the court on the matter of instructions we may make the following reference to the facts: The appellee purchased from the appellant's regular ticket and station agent at Maroa a ticket entitling him to ride on appellant's train from Maroa to Emery. The train in question, a freight train with a caboose attached, was then at the depot at Maroa. The said ticket agent informed the appellee the ticket entitled him to ride on that train. Appellee went upon the train believing, in good faith, he was lawfully entitled to take passage thereon. The regulations of the company did not permit persons to be carried on the train as passengers without a special permit from the superintendent.

The appellee having entered the train by direction of the station agent of the company, and without notice that passengers were not carried upon it, did not go upon the train as a trespasser. He was at least entitled to be regarded as lawfully upon the train until advised of the regulation and given an opportunity to alight therefrom in safety. His contention he was assaulted by appellant's brakeman, acting with the knowledge and under the direction of its conductor, and by such brakeman forcibly and maliciously knocked or thrown from the train, was

accepted by the jury, the trial court and the Appellate Court as having been established by the evidence. We must so accept it unless it appears the jury were led to that conclusion by erroneous instructions of the court.

The case for appellee, upon the pleadings and proof, being that he was intentionally assaulted and knocked or thrown from the train by appellant's brakeman, acting under the direction of the conductor, it is unimportant to determine whether the jury were correctly instructed as to the degree of care and diligence which the law requires a carrier to observe in transporting a passenger. Nothing in the pleadings or testimony had reference to an assault by other persons than appellant's brakeman, and for this reason the correctness of the rule declared by the instructions as to the duty of a carrier to protect passengers from the assaults of persons other than the employees of the company cannot be regarded as important for determination. The duty of persons desiring to be received as passengers upon a train, to enter a car provided for passengers and at the door provided for the use of passengers, was not involved, and the omission of reference in the instructions to such alleged duty could not be regarded as error of reversible character.. It was not essential to the proper determination of the right of the appellee to recover he should prove that at the time he was removed from the train the train was moving at the rate of speed alleged in either count of the declaration, or at any other rate of speed. The rate of speed of the train was important only so far as it operated to show the dangers which would attend a violent expulsion from the train, and thereby to characterize the act of ejection and the motives of the brakeman at the time. These observations dispose of the objections to the first, second and third instructions given on behalf of the appellee.

The fourth instruction advised the jury the plaintiff's declaration contains certain specified allegations, being in fact the material allegations of that pleading, and in

the concluding sentence directs the jury, if "they believe, from a preponderance of the evidence, the material allegations of the plaintiff's declaration are true the verdict should be in favor of the plaintiff." The jury could but understand from this instruction the material allegations of the declaration were those recited in the preceding portion of the instruction, and the instruction is not open to the criticism it submitted to the jury a question of law as to which of the allegations in the declaration were material.

The complaint as to the fifth instruction given for the appellee is, it assumes the appellee was ejected from the train, as charged in the declaration. The instruction ought not be given that interpretation. The purpose of the instruction was to advise the jury that if they believed, from the preponderance of the evidence, the appellee was ejected from the train with wanton, willful, malicious and reckless disregard as to the injuries likely. to be inflicted upon him thereby, his right of recovery was not limited to any actual injury sustained by him, but the jury had the power to award him exemplary damages. We do not think the phraseology of the instruction, which it must be confessed was not well or accurately chosen, was such as to intimate to the jury they should accept the appellee's theory he had been ejected from the train except they believed such theory to be true from a preponderance of the evidence.

The purpose of the sixth instruction was the same as that of the fifth, and nothing in it ought have been understood by the jury as an assumption on the part of the court that a wanton, willful, cruel assault, or an assault of any character, had been made upon the appellee.

That the damages are not excessive is conclusively determined by the judgment of the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*