West Chicago St. R. R. Co. v. Raftery.

---

## West Chicago St. R. R. Co. v. Caroline Raftery.

85 319
85 277
85 319
112 ¹422

1. INSTRUCTIONS—*Must be Predicated upon the Evidence.*—The mere fact that a witness is an employe of a party to a suit is not sufficient to sustain an instruction which says that "if the jury believe from the evidence that any witness has testified under a fear of losing his employment; from a desire to avoid censure; from a fear of offending; or from a desire to please his employer—then such fact may be taken into account by the jury in determining the degree of weight to be given to the testimony of such witness."

2. SAME—*The Testimony of One Credible Witness Entitled to More Weight than the Testimony of Many Others.*—An instruction which states that the testimony of one credible witness is entitled to more weight than the testimony of many others is faulty, as instructing the jury that the testimony of such a witness is entitled to more weight than the others upon the theory that such other witnesses have knowingly testified untruthfully, without limiting such untruthfulness to facts or questions material to the issue.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed October 27, 1899.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

BRICKWOOD & WALKER, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was brought to recover damages for personal injuries suffered by appellant by reason of alleged negligence on the part of appellee, by its servants, in operating a trolley street car in the city of Chicago. By reason of the opinion entertained by this court as to certain instructions given to the jury by the trial court, it is not necessary to enter at length into any review of the facts appearing in the record.

Appellee's seventh instruction, given by the court, is as follows, viz. :

Seventh. "If the jury believe from the evidence that any witness has testified under a fear of losing his employment, or a desire to avoid censure, or a fear of offending, or a desire to please his employer, then such fact may be taken into account by the jury in determining the degree of weight which ought to be given to the testimony of such witness; and in such case the jury have a right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives, and how far such feelings or motives on the part of the witness may tend to warp his judgment or pervert the truth; and the jury, after applying their own knowledge of human nature and of the philosophy of the human mind to the investigation of this subject, are to judge of the weight which ought to be given to the testimony of such witness, taking the same in connection with all the other evidence in the case."

"But nothing contained in any instruction is to be regarded by the jury as intended to reflect upon any witness or intimate any opinion upon the facts. The jury are to determine all such matters by the evidence alone."

This instruction says that "if the jury believe from the evidence that any witness has testified" (1) under a fear of losing his employment; or (2) from a desire to avoid censure; or (3) from a fear of offending; or (4) from a desire to please his employer—then "such fact may be taken into account

by the jury in determining the degree of weight to be given to the testimony of such witness."

Counsel for appellant says in his argument that there is not a particle of evidence to support this instruction. That statement is not challenged by counsel for the appellee in their argument. Our attention has not been directed to any testimony of the kind, nor have we observed any in this record. If there be no evidence to support these four points, or any or either of them, it was error to give this instruction. When a court, in an instruction, says to the jury that "if they believe from the evidence" any particular thing, the court at least intimates to the jury, and the jury may, and probably would, understand it to be the opinion of the court that there was some evidence as to the thing referred to.

The mere fact that a witness is an employe of a party to a suit is not sufficient to sustain such an instruction. It can not be assumed, from that fact alone, that either one of the four conditions named in this instruction exists, or would influence the witness to be otherwise than truthful.

A great majority of the men of this country are employes. Such men are just as truthful as their employers. It would be in isolated cases only, if at all, that such a man would commit perjury, or that his judgment would be so warped as to cause him to testify to that which is not absolutely true, simply because he is an employe.

It is urged by counsel for appellee that this instruction was approved in Central Warehouse Co. v. Sargeant, 40 Ill. App. 438. That is correct as to the first and principal part of this instruction, although that instruction does not include the metaphysical abstractions of the latter portion of the instruction in the case at bar. But in the Sargeant case it appears that the witness "toward whom that instruction pointed," as the court there states, had been reproached by his employer for his alleged omission of duty as to the particular matter involved in the case. In the case at bar, as above stated, we are not aware of any testimony upon which to base this instruction.

The court also gave to the jury at the request of appellee the following as her second instruction, viz. :

Second. " The court instructs the jury that the testimony of one credible witness is entitled to more weight than the testimony of many others, if, as to those other witnesses, the jury have reason to believe, and do believe, from the evidence and all the facts before them, that such other witnesses have knowingly testified untruthfully, and are not corroborated by other credible witnesses, or by circumstances proved in the case."

This instruction is also faulty. We do not now recall any case wherein an instruction has been approved which directs a jury as to the weight to be given to the testimony of a witness. And even if it is ever proper to instruct a jury that the testimony of one credible witness is entitled to more weight than the testimony of many others, it is not sufficient to base such instruction upon the theory that such other witnesses " have knowingly testified untruthfully," without limiting such untruthfulness to facts or questions material to the issue.

For the reasons indicated, the judgment of the Superior Court is reversed and the cause remanded.