## Albert Sanks v. Chicago & Alton Railway Company.

1. NEGLIGENCE—*when the giving of a particular order and the obedience thereof is not, as a matter of law.* The mere giving by a railroad company of an order directing out-bound trains to take the in-bound track is not, nor is the obedience of such order negligence, as a matter of law.

2. NEGLIGENCE—*what particular averment of, covers.* Where the declaration avers that the injury was caused by the failure to give " necessary and suitable orders," evidence of the giving of negligent or improper orders cannot be received.

3. FELLOW-SERVANTS—*who are.* A fireman and engineer employed by the same master on the same train are fellow-servants.

4. EXCEPTION—*when, essential.* An exception is essential to review the action of the trial court in refusing leave to amend.

5. BRIEF—*waiver of point by failure to argue in.* Errors assigned but not argued will be deemed waived.

Action on the case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. BENJAMIN R. BURROUGHS. Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904.

F. C. SMITH and M. MILLARD for appellant.

CHARLES P. WISE, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action to recover damages for personal injury sustained by appellant while in the service of appellee as a fireman on one of its passenger trains. Trial by jury. At the close of appellant's evidence, the jury, under direction of the court, returned a verdict finding appellee not guilty, and the court, after overruling appellant's motion for a new trial, rendered judgment on the verdict in favor of appellee for costs. To reverse this judgment, appellant has appealed the case.

The principal errors assigned are the giving by the trial court of the peremptory instruction, directing the jury to find defendant not guilty, the exclusion of evidence offered by appellant, and the refusal by the trial court to permit appellant to amend his declaration.

The declaration consists of one count only, and is as follows : " For that, whereas, the defendant, on, to wit, the 8th day of October, 1901, was operating a railway from the city of East St. Louis, in St. Clair County, to and through Granite City, in the county of Madison, in the State of Illinois, and had in its use for that purpose two railway tracks, one for the out-bound and the other for the in-bound trains, and a certain interlocking crossing appliance for the protection of trains at said Granite City, and the plaintiff was in the defendant's employ as a fireman on an out-bound passenger train, whereby it became the duty of defendant to so manage and control said trains that the plaintiff would not be unreasonably exposed to injury, but defendant not regarding such duty, then and there negligently directed that such train be run and driven on said in-bound track; and

the plaintiff avers that while he was then and there per-
forming his said services with due care and diligence, such
train, by reason of defendant's failure to give necessary and
suitable orders for its management and in consequence of
the defendant's neglect to have said interlocking appliance
properly adjusted for out-bound trains, was then and there
derailed and thrown from the track," and that plaintiff was
thereby injured. The charges in the declaration as to the
cause of the injury are, that appellant was injured because
of appellee's failure to give necessary and suitable orders for
the management of the train, and because appellee failed to
have the interlocking appliance adjusted for out-bound
trains. There is no charge that appellant was injured by
reason of appellee's having given any negligent or improper
order.

Appellee and two other railroad companies used a double
track between East St. Louis and Wann. One of these tracks
was generally used for out-bound trains and the other for
in-bound trains. At Granite City, an intermediate station,
these tracks cross the C., P. & St. L. Ry., and the crossing
is controlled by an interlocking appliance. There are cer-
tain signals to be given by the tower man for the govern-
ment of trains passing over the crossing. This tower man
has full control of the interlocking appliance, is an employee
of the Terminal Railroad Company, and in no way under
control of appellee. As a part of the interlocking appli-
ance, there is what is denominated the "derail," which is
under the control of the tower man and can be so adjusted
as to allow a train to pass over the crossing or throw it off
the track. It is the duty of the tower man to observe the
approach of a train and properly adjust the derail, and to
display the proper signal to inform the men in charge of
such approaching train. On the occasion of appellant's in-
jury the train started from East St. Louis on the track usu-
ally used by out-bound trains, but it was "blocked" at
Venice and ordered by the train dispatcher to pass onto the
track usually used by in-bound trains and to proceed on that
track. As the train approached Granite City the "tower

man" failed to observe on which track the train was, in time to properly adjust the derail, and although the signals showed that the derail was adjusted so as to throw the train off the track, neither the engineer nor appellant observed that fact and continued to drive the train ahead at full speed until the train was derailed. The reason the tower man did not observe which track the approaching train was on in time to properly adjust the derail, is that he was not expecting a train on that track and was busy with his instruments. The reason the engineer did not have his train under control and did not observe that the signals on his track were against him, is that he was a little late, and was over zealous trying to make up time and that the train dispatcher had given him a verbal order as he was leaving Venice on the in-bound ·track, which, as he understood it, directed him to be governed by the signals on the out-bound track.

The only charge in the declaration as to the giving of a negligent order, is in directing the out-bound train to take the in-bound track. This was not *per se* negligence, and there is no evidence in this record tending to prove that it was so, in fact. The only direct evidence on this question is the testimony of an ex-chief train dispatcher introduced by appellant, and all he says on the subject is: "In case the out-bound track was blocked it would not be an unusual order for the dispatcher to order the out-bound train to take the in-bound track." There is nothing in the facts of this case from which it would be reasonably inferred that the mere fact of giving this order, or the mere fact of the out-bound train going on the in-bound track, was negligence. In framing their declaration appellant's counsel seem to have taken this view of that feature of the case, and their averments are that appellant was injured by reason of appellee's failure to give necessary and suitable orders for the management of the train, and by reason of its failure to have the interlocking appliance properly adjusted. There is no evidence that it was necessary for the safety of either the train or the crew, that any orders for the management

of the train should have been given in connection with the direction to take the in-bound track. That track was not preoccupied by any other train nor in any manner obstructed nor in any danger of being so before appellant's train would reach Granite City. The same duties devolved upon the crew in operating upon the one track as upon the other, and each track had its own signal and derail appliances, and these were the same on each. And, further, the tower man in charge of the interlocking appliance was not in any sense in the employ of appellee or under its control, and in the discharge of his duties would receive neither orders nor information from appellee. He received his orders from his employer, the Terminal Railroad Company, and he could receive information from no one. He was the watch-man in the tower, and must himself observe and give timely signals. In his testimony he says: " I am not running a train; I am running an interlocking plant. * * * * The train dispatcher does not govern us. * * * I gain knowledge by seeing them come; that is the only knowl-edge I have of them coming on these tracks." When asked if he had any information from the train dispatcher that the train was on the other track, he said : " No, sir, I did not. The train dispatcher does not govern us at all;" and in another place he says the train dispatcher does not gov-ern that crossing.

It was not the duty of appellee to adjust the interlock-ing appliance. So far as this record discloses, appellee had no control over this appliance. Much of what is said in the last preceding paragraph applies to this branch of the case and need not be repeated here.

The evidence does not tend to prove that appellee was guilty of negligence in any respect as charged in the dec-laration.

It is insisted that the train dispatcher gave the engineer a verbal order directing him to be governed by the signal on the out-bound track and that this was a negligent and improper order. It is true, there is evidence tending to prove that such order was given, but no such order is de-

clared on, nor is there any general allegation or averment in the declaration that will include it. The injury is averred to have been caused by a failure to give "necessary and suitable orders," not by the giving of negligent or improper ones. The case which the evidence tends to make is not the case set up in the declaration. In such case there can be no recovery.

The tower man was not appellee's servant nor under its control, and if he was negligent there can be no recovery, therefore, in this case. And the engineer and appellant were fellow-servants, which precludes any recovery in this case for negligence on the part of the engineer.

Counsel for appellant assign as error that the court refused to allow them to amend the declaration. The abstract does not disclose that any application for leave to amend was asked, and there is no reference to it in either the brief or argument. We find however from an examination of the record that such application was made, but no exception was taken to the ruling of the court.

It is also assigned as error that the court refused to admit proper evidence offered on behalf of appellant, but it is not anywhere pointed out in the brief or argument wherein the court erred in this respect. The brief and argument are silent upon this subject. The law is that errors assigned but not brought forward into the brief or argument, will not be considered, but will be regarded as waived or abandoned. City of Mt. Carmel v. Howell, 137 Ill. 91; I. C. R. R. Co. v. Davenport, 177 Ill. 110; Shoaff v. Funk, 182 Ill. 224.

We find no substantial error in this record. The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*