## Illinois Central Railroad Company v. Frank Burke.

1. BRIEF—*when, operates to waive assignments of error.* Errors assigned but not argued in the briefs, are deemed to have been waived.

2. MOTION FOR PEREMPTORY INSTRUCTION—*when, should be denied.* A motion to instruct the jury to find for the defendant admits the truth of all opposing evidence and all fair inferences therefrom, and it should be denied if there is evidence tending to establish the plaintiff's case.

3. ORDINANCE— *when, sufficiently proved.* An ordinance is sufficiently proved where it is shown in a printed pamphlet purporting to be published by the authority of the village trustees.

4. GENERAL OBJECTION—*when, not sufficient.* A general objection to the proof of a municipal ordinance by means of a printed pamphlet, is not sufficient to raise a technical point upon the question of the competency of such pamphlet.

5. CROSS-EXAMINATION—*what proper.* It is always proper in cross-examination to interrogate a witness, within reasonable limits, as to any matter of fact calculated to affect his credibility as a witness or the weight of his testimony, and especially is this true as to matters which pertain to his relationship to the parties; his interest in the result of the suit; the effect of his testimony upon himself, his interests or his character, and the like.

6. INSTRUCTIONS—*accuracy required in, where case is close.* Where the evidence is so conflicting and contradictory as to render the question as to which way the verdict should go, doubtful, in order to sustain a verdict in favor of the successful party, the instructions given in his behalf must be substantially correct and free from any error that might prejudice or in anywise mislead the jury.

7. INSTRUCTION—*credibility of witness.* To tell the jury in an instruction that " it is *their duty* to consider" the demeanor of a witness, is error, because of the mandatory form.

8. INSTRUCTION—*credibility of witnesses.* An instruction tending to hamper the jury in the full exercise of its judgment as to the credibility of witnesses or the weight of the evidence, is error; not in all cases sufficient to warrant a reversal, but always error.

9. INSTRUCTION—*credibility of witnesses.* An instruction which in effect commands the jury to apply its knowledge of human nature to each witness and after they have done that, to judge of the weight that ought to be given to his testimony, is vicious.

10. INSTRUCTION—*credibility of witness.* An instruction upon this subject which is not supported by the evidence or the apparent facts of the case, which is based upon metaphysical abstractions, which suggests suspicion and invites conjecture, is, in all of these respects, vicious and calculated to prejudice and mislead the jury, and, therefore, erroneous.

11. INSTRUCTION—*credibility of witness.* An instruction which is no more nor less than a suggestion to the jury that they may discredit or disregard the evidence of a witness merely because he was at the time of testifying in the employ of the party calling him as a witness, is erroneous.

12. ADDITIONAL ABSTRACT—*cost of.* Where the abstract of the appellant does not do appellee justice in some material respects, the Appellate Court will, in its discretion, tax the cost of an additional abstract to the appellant.

Action on the case for personal injuries. Appeal from the Circuit Court of Jackson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1903. Reversed and remanded. Opinion filed March 10, 1904.

W. W. BARR, for appellant; J. M. DICKINSON, of counsel.

W. P. LIGHTFOOT and GEORGE M. HARKER, for appellee; RICHARD T. LIGHTFOOT, of counsel.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Jackson County, by appellee against appellant, to recover for personal injury. Trial by jury. Verdict and judgment in favor of appellee for $8,000.

The original declaration as amended, consists of three counts. To this was added, by leave of court, an additional count.

To the full understanding of the questions raised and argued by counsel for the respective parties in this case, we deem it necessary to disclose in the opinion only the following features of the declaration. In each count it is averred that appellee was in the exercise of due care and caution for his own safety. In the *first count* it is averred that appellee was walking along a public highway at a *place where* appellant's *railroad crossed* the same, and that appellant backed one of its trains towards the crossing without having a brakeman stationed on the top of the forward car. In the *second count* it is averred that appellee was walking *along* and *over appellant's truck towards* its passenger *depot*, and that appellant was backing one of its trains

without ringing a bell or sounding a whistle. In the *third count* it is averred that appellee was walking on a *public highway* at a place *where* appellant's *railroad crossed* the same, and that appellant drove its engine and train up to and across the highway without continuously ringing a bell or sounding a whistle, for a distance of eighty rods. And in the *additional count* it is averred that appellee was walking in the night time, on a *public highway across* appellant's *tracks;* that the crossing was within the corporate limits of the village of Makanda, and that appellant was backing one of its trains without having a conspicuous light at the rear end of the same, in violation of one of the village ordinances. Each count states that appellee was struck by the train and describes in detail the injuries he received.

The grounds urged by appellant's counsel for reversal are: that the trial court erred in refusing to direct a verdict for defendant; in admitting improper evidence, and in permitting appellee's counsel to improperly and prejudicially cross-examine appellant's witnesses; in giving certain instructions at request of appellee; in refusing to give certain instructions asked by appellant, and in refusing to grant appellant's motion for a new trial because of the state of the evidence and of the amount of the verdict.

Other errors are specifically assigned on the record, and other reasons are embraced in the motion for new trial, but since they have not been brought forward into the brief or pointed out and discussed in the argument, they must be considered as abandoned. Mt. Carmel v. Howell, 137 Ill. 291; I. C. R. R. Co. v. Davenport, 177 Ill. 110; Shoaff v. Funk, 182 Ill. 224.

At the close of appellee's evidence and again at the close of all the evidence, appellant's counsel presented to the trial court their motion to exclude all the evidence and for an instruction directing the jury to find the defendant not guilty, and they insist here that the court erred in refusing to grant their motion. In this connection they contend that under the declaration, viewed and construed in the light of appellee's own testimony and other evidence in

the case, it devolved upon appellee to prove not only that appellant was guilty of the negligence charged in the declaration and that appellee was in the exercise of due care and caution for his own safety, but also that appellee was struck while on the crossing. As we understand the brief of appellee's counsel they concede the soundness of this position.

With reference to appellant's motion, the question then is, does the evidence tend to prove these three requisites?

"A motion to instruct the jury to find for the defendant admits the truth of all opposing evidence and all fair inferences therefrom, and it should be denied if there is evidence tending to establish the plaintiff's case." Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145. "The rule now is, that where there is evidence tending to prove all that is requisite to warrant a recovery, the court should submit the case to the jury." St. Louis National Stock Yards v. Godfrey, 101 Ill. App. 40 (45, 46, 47). We are of opinion that the state of the evidence as disclosed by the record is such that the trial court would not have been warranted in directing a verdict in favor of appellant.

The evidence which counsel claim was improperly admitted, is the ordinance of the village of Makanda, pleaded in the additional count of the declaration. The statute provides that ".when printed in book or pamphlet form and purporting to be published by authority of the board of trustees or the city council * * * such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the dates mentioned in such book or pamphlet, in all courts or places without further proof." Hurd's 1895, sec. 65, chap. 24. It has not been pointed out to us wherein the pamphlet offered and admitted in evidence, fails to meet the requirements of the statute, and further the objection was general. "Parties cannot be allowed to make a general objection to the admission of evidence at the trial and then insist upon a specific objection on appeal which was not urged at all at the trial and which might have been obviated by proof." Calumet,

etc., Dock Co. v. Morawetz, 195 Ill. 398; Deiterman v. Rupel, 200 Ill. 199.

The cross-examination complained of was as to the witness J. A. Parker and a number of others. On cross-examination, Parker was asked if he had not been paid for being a witness. Over appellant's objection he was required to answer, and said, "I have not been paid but I expect to be paid. I expect to get something. I drew eight dollars last term of court. Was paid two dollars a day and was out no expense." A number of other witnesses were asked similar questions. And one witness, an engineer, who had testified in chief that the bell was rung, was asked on cross-examination : " Q. Don't you know that you would lose your position if you stated that the bell was not ringing ? A. No, sir." Counsel cite in support of their contention that the court erred in permitting this cross-examination, the following cases :   Stafford v. Fargo, 35 Ill. 481; Hanks v. Rhoads, 128 Ill. 407; McKone v. Williams, 37 Ill. App. 591; Mt. Vernon v. Brooks, 39 Ill. App. 432.

The cases cited hold and apply the rule, that " when a witness is called by one party, the other has the right. to cross-examine only upon the facts to which he testified in chief." There is a well-established exception to that rule, and the cross-examination complained of here, clearly falls within the exception. It has always been proper on cross-examination to interrogate a witness, within reasonable bounds, as to any matter of fact calculated to affect his credibility as a witness or the weight of his testimony, and especially is this true as to such matters as pertain to his relationship to the parties, his interest in the result of the suit, the effect of his testimony upon himself, his own interests or his character, and the like. Chicago City Ry. Co. v. Carroll, 206 Ill. 318 (327); National Enameling and Stamping Co. v. Fagan, opinion filed the present term.

Counsel for appellee asked, and the court at their instance gave a number of instructions. The second one in the series is as follows :

" 2. If you believe from the evidence that any witness has testified under a fear of losing his employment, or desire to avoid censure, or a fear of offending, or a desire to please his employer, then such facts may be taken into account in determining the degree of weight which ought to be given to the testimony of such witness; and in such case you have a right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives, if any such are shown by the evidence, and how far such feelings or motives, if any, are shown by the evidence; and how far such feelings or motives on the part of a witness may tend to warp his judgment or pervert the truth; and after applying your knowledge of human nature to each witness, you are to judge of the weight which ought to be given the testimony of each witness, taking the same in connection with all the other evidence in the case."

The evidence in this case is so conflicting and contradictory as to bring the case within that class which requires that to sustain a verdict in favor of the successful party, the instructions given on his behalf must be substantially correct and free from any error that might prejudice or in anywise mislead the jury. I. C. R. R. Co. v. Behrens, 101 Ill. App. 33, 34, 35. "Where the evidence is conflicting, and the case is one which upon the proof may be decided either way, it is very important that the instructions of the court should be accurate, so that the jury may not be misled, but be left free to arrive at a correct conclusion, from the evidence." Holloway v. Johnson, 129 Ill. 367; Wilbur v. Wilbur, 129 Ill. 392. Our statute provides: "The court, in charging the jury, shall only instruct as to the law of the case." There are a few general and comprehensive rules, that in most cases are of more or less value in determining the credibility of witnesses and the weight of the evidence, which may properly be held as part of the law of the land. These, or such of them as the evidence or facts of the particular case may warrant, it is proper for the court to propose to the jury for consideration in connection with the evidence. These propositions should never go beyond the established law, should never in any feature be unsupported by the evi-

dence or some apparent fact or condition of the case, and should never be peremptory or mandatory in form. There are so many and such various conditions affecting the credibility of witnesses and the weight of evidence, that the constitutional right of trial by jury will not permit that a jury shall be bound by inflexible and mandatory rules, which may compel them to conclusions not in harmony with their unbiased and better judgment. To tell the jury in an instruction that "it is their *duty to consider* his demeanor," is error, because it is mandatory in form. The court says, "we think the correct statement of the law is that the *jury are at liberty to consider* his demeanor." Heeran v. Howard, 81 Ill. 629 (634). The expression, "ought not," in an instruction of this class, is held to be sufficiently mandatory to deprive the jurors of the free exercise of their judgment, and to demand a reversal of the case. Smith v. C. & W. I. R. R. Co., 105 Ill. 511 (521). These are simply representative cases, involving this question. There are many others to the same effect. Any instruction tending to hamper the jury in the free exercise of its own judgment as to the credibility of witnesses or the weight of evidence, is error; not in all cases sufficient to warrant a reversal, but always error. So important is this rule regarded that it has been held to be improper for the court to ever instruct a jury in what order they should consider the evidence or questions in the case. North Chicago Street R. R. Co. v. Wiswell, 68 Ill. App. 443.

The instruction in the case at bar, in effect, commands the jury to apply its knowledge of human nature to each witness, and after they have done that, they are to judge of the weight that ought to be given to his testimony; but these are the least of its faults. It is wholly vicious. Portions of it are unsupported by evidence or apparent facts in the case, and portions of it are not based upon the law of the land, but upon metaphysical abstractions. In some of its features it suggests suspicion and invites conjecture and speculation. Both in substance and in structural scheme and form, it is well calculated to prejudice and mislead a

jury. This instruction has something of a history. It first appeared, so far as we are advised, in Sackett's Instructions to Juries. The author cites no authority in support of it. It has been a pest to the circuit judges for twenty years, and this is at least the sixth time it has been under direct consideration in the Appellate Court. It has appeared in substantially the same form and been condemned in each of the following cases: C. & N. W. R. R. Co. v. Stube, 15 Ill. App. 39; St. L. & A. T. R. R. Co. v. Huggins, 20 Ill. App. 639; St. L. & A. T. R. R. Co. v. Walker, 39 Ill. App. 388; I. C. R. R. Co. v. Leggett, 69 Ill. App. 347; West Chicago Street Ry. Co. v. Raferty, 85 Ill. App. 319. In discussing this instruction, in 15 Ill. App., *supra*, the court, by Mr. Presiding Justice McAllister, said: "There was no evidence whatever that any witness of the defendant testified under fear of losing his employment, or a desire to please his employer, * * * except the fact of the existence of the relation of employer and employee. * * * The instruction taken as a whole, affords to the jury what in many instances they are too ready to find, viz.: a means and justification for disregarding the testimony of witnesses * * * upon mere conjecture and metaphysical speculation. A moment's reflection will show the utter unfairness of such an instruction. * * * Such an instruction affords the means for the unlimited sway of both passion and prejudice." In 20 Ill. App., *supra*, the court, by Mr. Presiding Justice Wilkin, said: "The effect and manifest intention of this instruction was to weaken or destroy the force of the testimony of appellant's engineer and fireman. * * * It is no more nor less than a suggestion to the jury that they may discredit or disregard the evidence of men occupying the most perilous and responsible positions, merely because they were at the time of testifying in the employ of appellant." The court in the other cases cited, follows the same lines of criticism and condemnation of this instruction. All the cases are reversed.

There were many instructions presented to the learned trial judge, in this case, and in the hurry and stress of the

trial, this one did not receive the careful scrutiny that its peculiarity and importance would doubtless otherwise have commanded.

Appellant's counsel complain of the refusal of certain instructions asked by them. An examination of their whole series as presented, leads us to the conclusion that all that their refused instructions contain that was proper to be given, is embraced in those that were given.

The amount of the verdict and judgment in this case is large, but as the case must be remanded and may be tried again, we will not discuss that feature, nor will we discuss the weight of the evidence.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*

There was a motion entered by counsel for appellee, for an order directing that the cost of the additional abstract filed in this case be taxed against appellant. This motion was taken with the case. We are of opinion that appellant's abstract did not do appellee justice in some material respects, and therefore the motion is granted.

It is ordered that the costs of this case, in this court, be taxed as in other like cases, where the judgment of the Circuit Court is reversed and the cause remanded; except that the cost of the additional abstract shall be taxed against appellant.