### ROBERT HOLLOWAY

*v.*

### JACOB JOHNSON.

*Filed at Ottawa June 15, 1889.*

1. PRACTICE—*directing what the verdict shall be—whether allowable.* On the trial of a cause the court instructed the jury, that if they believed, from the evidence, that the plaintiff, by agreement, took certain stallions of defendant to stand during the spring season, for the compensation of one-half of what should be realized from them, and that plaintiff stood said horses for the defendant, and that there was realized out of said transaction a certain amount of money, then the plaintiff was entitled to recover one-half of said amount shown from the proof, "and on this question the jury shall find for the plaintiff." The defendant claimed that plaintiff was to receive only one-third of the sum realized, and there was evidence to that effect: *Held,* that the latter clause of the instruction was erroneous, as it left the jury no discretion but to find this issue for the plaintiff.

2. SAME—*improper remarks of counsel, in argument, to the jury—no ruling in the trial court.* In the closing argument to the jury, plaintiff's counsel made remarks, prejudicial to the defendant, not authorized by any evidence. Defendant's counsel objected to the remarks, and the court promptly said, "Counsel will confine his remarks to what is in the record," but made no ruling sustaining what had been said: *Held,* that the record presented no question involving the improper remarks, the court having made no ruling as to their propriety.

3. INSTRUCTION—*when great accuracy required.* Where the evidence is conflicting, and the case is one which, upon the proof, may be decided either way, it is very important that the instructions of the court should be accurate, so that the jury may not be misled, but left free to arrive at a correct conclusion, from the evidence.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Knox county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. KIRKPATRICK & ALEXANDER, for the appellant.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Jacob Johnson, against Robert Holloway, to recover money claimed to be due plaintiff for the earnings of certain horses in the stud kept by him during the season of 1883 and 1884; also, for labor in caring for and feeding the horses each year after the close of the season. On a trial before a jury the plaintiff recovered, and the judgment of the circuit court was affirmed in the Appellate Court. To reverse the judgment of the Appellate Court this appeal was taken.

Several alleged errors are relied upon to reverse the judgment, but it will not be necessary to consider all of them.

At the request of the plaintiff, among others, the court gave the following instruction:

"The jury are instructed, that if they believe, from all the evidence in this case, carefully weighed and considered, that the plaintiff, by arrangement with Holloway, took three stallions, first in the spring of 1883, and after again in the spring of 1884, of the age and description shown by the evidence, to stand during the spring seasons of said years, for the compensation of one-half of what should be realized on said horses, the plaintiff being at the expense of caring for, stabling, feed, and all necessary expense, and that plaintiff stood said horses in Knox county for said defendant, and that there was realized out of said transaction a certain amount of money, then the plaintiff would be entitled to recover one-half of said amount shown from the proof, less all sums received by plaintiff; and on this question the jury shall find for the plaintiff, Johnson."

Whether the plaintiff was to receive one-half or one-third of the earnings of the horses, and whether he was to receive any pay for keeping the horses after the season expired, were questions upon which the evidence was conflicting and contradictory. The plaintiff testified that he was to receive one-half, and to be paid for keeping the horses after the season; while

the defendant was equally positive, in his evidence, that plaintiff was to receive only one-third, and to be paid nothing for keeping after the season. Where the evidence is conflicting and contradictory, and the case is one which may, on the facts, be decided either way, it is of great importance that the instructions of the court should be accurate, so that the jury may not be misled, but be left free to arrive at a correct conclusion from the evidence. It will be observed that the instruction informs the jury that under a certain state of facts the plaintiff would be entitled to recover one-half the amount realized on the horses, and upon this question the jury shall find for the plaintiff. Under the language of the instruction the jury had no discretion whatever, but on one of the main controverted issues in the case they are commanded to find for the plaintiff. The instruction does not, as is often done, tell the jury, if they find, from the evidence, certain facts, then they will find for the plaintiff; but, on the other hand, on one of the controverted issues they are commanded to find for the plaintiff. The last clause of the instruction was doubtless an oversight, but its language could not do otherwise than mislead the jury.

If this was a case where the right of the plaintiff to recover was clear and undoubted, we might refuse to reverse, on the ground that the instruction, although erroneous, did no harm, as the verdict could not have been other than it was. But such is not the case. As said before, the case is one where the evidence is conflicting, and in order that justice may be done the instructions ought to have been accurate, and not calculated to mislead the jury on any branch of the case.

In the closing argument certain remarks were made by counsel for plaintiff, prejudicial to the defendant, which were not authorized by any evidence in the case, and it is insisted that this is ground for reversing the judgment. After counsel had made the remarks complained of, the attorney for the defendant objected to what had been said, and the court very

promptly said, "Counsel will confine his remarks to what is in the record." No ruling was made by the court upholding or sustaining what had been said. Indeed, no decision of the court was made to which exception can be taken. There is, therefore, no question presented by the record involving improper remarks in the argument.

We think the court erred in giving the third instruction for the plaintiff, and for that error the judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the circuit court.                                   *Judgment reversed.*