## Junction Mining Co. v. Adolphus D. Goodwin.

1. FELLOW-SERVANTS—*When a Question of Fact.*—Whether two servants of the same master come within the definition of fellow-servants is a question of fact for the jury.

2. VERDICTS—*Not To Be Set Aside Solely Because Evidence Would Better Support Verdict for Other Party.*—Considering the superior point of vantage occupied by the jury and trial judge, the verdict will not be set aside solely because the evidence in the record would better support a verdict for the other party.

3. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where the evidence is conflicting as to some of the material issues involved, the instructions should be accurate.

4. SAME—*To Be Taken as a Series.*—An imperfect instruction is not ground for reversal where the instructions considered as a series state the law correctly.

5. SAME—*That Evidence Corroborating Testimony of Untruthful Witness Should Consist of Testimony of Several Witnesses.*—An instruction that if a witness knowingly and willfully testifies falsely as to a material fact in issue, the jury is at liberty to disregard his entire testimony unless it is corroborated by the testimony of a plurality of witnesses, is prejudicial error.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Sangamon County: the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed August 28, 1903.

SHUTT & GRAHAM, attorneys for appellant.

PATTON & PATTON and W. E. LOOMIS, attorneys for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee, Adolphus D. Goodwin, brought this action in case against the appellant, a corporation, for injuries claimed to have been sustained by him on January 6, 1902.

There was a verdict and judgment in the court below against appellant for $2,500.

The appellant operated a coal mine and appellee was one of its employes, hired by it to do carpenter work, and when not so employed, to do such other work as might be required of him. On the day of the injury, appellee was on the top of the wagon chute dislodging some coal which had accumulated there, and while so engaged, Malcom Iles, the top weighman, dumped coal into the chute, which fell on and against him and carried him to the bottom of the chute, causing the disability sued for. Appellee claims he went into the chute and climbed up the bottom of it at the direction of Richard Dawson, appellant's superintendent, to dislodge the coal that had become choked in it; that for this purpose he procured a shovel of Iles, and had an understanding with Iles, that when appellee was through with the shovel he should call to Iles and the latter should come down and get it; that appellee having dislodged the coal, called to Iles to get the shovel and immediately the coal came down the chute and upon him.

On behalf of appellant it is claimed that appellee could have performed the duty of dislodging the coal without climbing up the chute, and having dislodged the coal he could have stepped on a platform within easy access and avoided the injury which he received; that appellee adopted the method of climbing up the chute at the suggestion or direction of one Fitch, employed by appellant as a common laborer, and not by the direction of Dawson, the superintendent; that the injury, if any resulted, was due to the negligence of Iles, a fellow-servant of appellee.

Whether appellee and Iles were fellow-servants, was, in view of their relations to each other in the work in hand, not a question of law, but a question of fact for the jury, and the court by proper instructions so submitted it. But if Iles was a fellow-servant of appellee and the injury to the latter was the result of the concurrent negligence of the vice-principal, Dawson, and Iles, the appellant would be liable therefor.

It is urged by appellant that the verdict of the jury is contrary to the manifest weight of the evidence in the case and that for this reason the judgment should be reversed and the cause remanded.

While an examination and consideration of the evidence adduced in the case, as it comes to us in the record, leads us to conclude that it would better support a verdict for appellant, yet we can not overlook the superior point of vantage occupied by the jury and trial judge, and in this case, this consideration outweighs such conclusion based solely on the record.

It is assigned for error that the court gave improper instructions on behalf of appellee, plaintiff below; improperly modified instructions asked by appellant and improperly refused instructions asked by appellant.

The evidence in the case was sharply conflicting as to some of the material issues involved, and called for special accuracy in instructions.

The objections urged against appellee's second given instruction, in that it did not limit the time when he was in the exercise of due care and caution for his own safety, is not tenable when all the instructions in the case are considered together.

Appellant's fifth instruction, as modified and given by the court, told the jury "that the burden is on the plaintiff to prove that at the time of the alleged injury he was in the exercise of due or reasonable care for his own safety."

The third instruction given at the request of appellee is as follows:

"The court instructs the jury that you are the judge of

the credibility of the witnesses and of the weight of the evidence, and that the testimony of one witness may be entitled to more weight than the testimony of many others, if as to the one witness you believe he is credible and truthful, and that he has told the truth, and if as to those other witnesses the jury have reason to believe, and do believe, from the evidence and all the facts in evidence before them, that such other witnesses have knowingly and willfully testified untruthfully, and that they are not corroborated by other credible witnesses, or by facts and circumstances proved in the case."

The giving of this instruction was prejudicial error. The instruction told the jury that they had the right to give more weight to the testimony of one credible witness than to the testimony of many others, if as to those others the jury believed they had knowingly and willfully testified untruthfully, without reference to whether such untruthful testimony was as to a material fact in issue in the case.

Again, the law is well settled that if a witness knowingly and willfully testifies falsely as to a material fact in issue, the jury is at liberty to disregard his entire testimony unless it is corroborated by other credible evidence, or facts and circumstances in evidence in the case. Such credible, corroborating evidence may consist of the testimony of one witness, but this instruction erroneously told the jury that it should consist of the testimony of a plurality of witnesses.

We have examined the other instruction given at the request of appellee and the instructions asked by appellant and given as modified and find no error in giving or modifying the same. The damages awarded the appellee, we regard as excessive, in view of the evidence as to his physical condition prior to the injury complained of and the extent of such injury.

For the error indicated, in giving appellee's third instruction, the judgment will be reversed and the cause remanded.