**William F. Smith, Appellee, v. Central Railway Company, Appellant.**

**Gen. No. 4,986.**

1. INSTRUCTIONS—*when, upon right of recovery erroneous, in ignoring defense of release.* In an action on the case for personal injuries, an instruction telling the jury that if they find certain facts they should render a verdict for the plaintiff, is erroneous in ignoring the defense of release, which was interposed in the cause and supported by competent evidence.

2.   INSTRUCTIONS—*when upon question of negligence erroneous.*
An instruction upon the question of negligence is erroneous if it,
in effect, takes away from the jury the determination of such
question.

Action in case for personal injuries.   Appeal from the Circuit
Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge,
presiding.   Heard in this court at the April term, 1908.   Reversed
and remanded.   Opinion filed August 10, 1908.

PINKNEY & McROBERTS, for appellant.

CHARLES S. STUBBLES and EDWARD D. McCABE, for
appellee.

MR. JUSTICE WILLIS delivered the opinion of the
court.

William F. Smith, appellee, a resident of Fulton
county, Illinois, with two others came to Peoria on
March 26, 1905, and for the purpose of viewing the
city, between one and two o'clock in the afternoon,
boarded one of appellant's cars on its Adams street line
and rode south from a point about half a block north-
erly from where appellee claims the accident in which he
was injured occurred.   Appellant was then operating
a double track street railway line from a street known
as Western avenue, northerly along Adams street
through the city of Peoria to the village of Averyville.
Western avenue at the point where the accident oc-
curred, was the southwesterly terminus of appellant's
cars on Adams street at that time, and it intersected
Adams street at about right angles in a southeasterly
and northwesterly direction.   Just below Western ave-
nue the double tracks cut into a single track line, and
from that point on to the southwesterly limits, differ-
ent cars operated on a single track.   At the time of
the accident the cars on the double track line on Adams
street were switched over at Western avenue, so the
cars bound north on Adams street from Western ave-
nue were on the lower or river side and those bound
south were on the upper track.   Appellee boarded the

car running on the upper track going south on Adams street. It was a trailer car attached to a motor car. About 25 feet below the southerly line of Western avenue the trailer car was detached from the motor car, the motor car continuing on south until it reached the place where it could return north on the lower track on Adams street. The trailer car was then pushed down the single track to a point where the motor car could back up and couple on to it. While the course of the trailer car was being changed from the upper track to the lower, appellee was thrown to the ground and injured.

He brought this suit in the Circuit Court of Peoria county to recover damages for the injuries so received, and filed a declaration containing two counts substantially alike, charging that appellee was, on March 26, 1905, a passenger on one of appellant's cars, and appellant's duty to protect its passengers while alighting from or boarding its cars; and averred that, on said day, while appellee was in the exercise of due care for his own safety, while attempting to alight from one of appellant's cars that had stopped, appellant's agents and servants negligently and carelessly caused said car to be suddenly started, thereby throwing him to the ground, whereby he received permanent injuries. The plea of not guilty was filed and a special plea setting up in bar a release of all damages by reason of the accident and injury, for a valuable consideration, under seal, executed by appellee. Appellee obtained leave of court to reply double to this special plea. One replication averred that the release was not his deed, and the other, that it was obtained from him by fraud and circumvention. To the latter, appellant filed a rejoinder denying the truth of the replication. There was a trial on issues joined on the similiters tendered by the plea of not guilty and the rejoinder. Appellee had a judgment for $1,000. A motion for a new trial was overruled, judgment was entered on the verdict, to reverse which this appeal is prosecuted.

A review of the facts is here rendered unnecessary for the reason that we conclude from an examination of the record that it is necessary to submit the case to another jury. We therefore express no opinion as to what the evidence either tends to prove or disprove. There was a sharp conflict in the testimony bearing upon the liability of appellant and a like conflict in the evidence as to what transpired between appellee and the parties obtaining the release of damages at the time it was executed. With this conflict in the evidence the court, at the request of the appellee, gave the jury the following instruction:

"The court instructs the jury that if they find from the greater weight of evidence in this case that the plaintiff, as alleged in the declaration, was a passenger for hire on the defendant's car, and that the car was stopped for the purpose of permitting the plaintiff to alight from it, and that while he, in the exercise of all due care and caution for his own safety was in the act of alighting therefrom, the car was, without warning to him, suddenly started by the defendant's employes or agents and by reason thereof plaintiff was thrown to the ground and received injury therefrom, then your verdict should be in favor of William F. Smith, plaintiff in this case."

This instruction entirely ignored the issue formed by the rejoinder to the second replication. Every material statement in that instruction might be proved, and yet if fraud and circumvention were not used in procuring the execution of the release, appellee could not recover. In Holloway v. Johnson, 129 Ill. 367, the court said: "Where the evidence is conflicting and contradictory, and the case is one which may, on the facts, be decided either way, it is of great importance that the instructions of the court should be accurate, so that the jury may not be misled, but be left free to arrive at a correct conclusion from the evidence." While it is the well settled law that the instructions of the court must be taken as a whole, as contended by

appellee, and that the law applicable to different questions may be stated in separate instructions, and the law applicable to all questions involved need not be stated in each instruction given, in such case, the instructions supplement each other and where the law is fairly stated when viewed as a series they then fulfill the legal requirements. But where an instruction in effect directs a verdict, or by the ordinary interpretation of the language used it is susceptible of being understood by an ordinarily intelligent person as assuming the finding of a verdict by a jury for one of the parties, such an instruction must be regarded as directing a verdict. Pardridge v. Cutler, 168 Ill. 504; Montgomery Coal Co. v. Barringer, 218 Ill. 327; Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243; Ill. Central R. R. Co. v. Smith, 208 Ill. 609; C. & A. R. R. Co. v. Kuckkuck, 197 Ill. 307.

This instruction was erroneous for the reasons already indicated, and for the further reason, that in effect it told the jury that appellant's servants were negligent in starting the car as they did, instead of leaving it to the jury to determine whether the manner in which the car was started amounted to negligence.

An examination of other of appellee's instructions complained of discloses no reversible error except in the third instruction, which is erroneous for the reason first assigned to the first instruction. For the errors indicated in the first and third instructions, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*