James Dangerfield, Administrator, Defendant in Error, v. George Hope, Plaintiff in Error.

1. EVIDENCE—*effect of admissions.* Evidence of admissions and declarations is not as a rule the most satisfactory; verbal statements are liable to be misstated or distorted and in cases of the statements of deceased persons they are liable to abuse.

2. INSTRUCTIONS—*must not single out particular evidence.* An instruction should not single out any evidentiary facts which with other facts go to prove the main and controlling fact; such instructions are in the nature of arguments from the court and should not be given.

3. APPEALS AND ERRORS—*when remarks of counsel not subject to review.* In order to review remarks of counsel alleged as improper an objection should be made thereto and a ruling obtained upon such an objection and an exception preserved to such ruling if adverse.

Assumpsit. Error to the Circuit Court of Williamson county; the Hon T. M. HARRIS, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed August 5, 1910.

PILLOW, SMITH & STONE, for plaintiff in error.

NEELY, GALLIMORE, COOK & POTTER, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Defendant in error, James Dangerfield, as administrator of the estate of Hannah L. Dangerfield, brought an action in assumpsit against plaintiff in error, George Hope, to recover

moneys alleged to have been loaned to plaintiff in error by the intestate in her lifetime.

Upon a trial there was a verdict and judgment against Hope for the sum of $733.65, to review which this writ of error is prosecuted.

A number of errors are assigned upon the record but the brief of plaintiff in error complains only of some of them and they will be considered in their order.

First. It is contended the verdict was against the evidence, as the weight of the evidence showed the money claimed by the administrator was a gift. It appeared that the intestate was a widow leaving at the time of her death six sons and three daughters. Among her daughters was Eliza Hope, the wife of plaintiff in error, who with her husband resided at Johnston City, in Williamson County, and the intestate resided and made her home with them.

Prior to Hannah Dangerfield's death which occurred August 14, 1908, she sold some land, and after discharging a mortgage upon the land, she had left of the purchase money $1,950. Of this money she placed in the bank at Johnston City on March 14, 1908, $1,454. What became of the balance of the money she had does not appear. Afterwards she expended about $400 on a small house and lot.

After her death the administrator found no money among her effects and upon a citation being issued to plaintiff in error he testified in the probate court.

It appeared from the evidence and it is admitted by plaintiff in error that during her lifetime and shortly prior to her death the intestate paid a building association a note secured by a mortgage upon the property of plaintiff in error, thereby releasing the property from the lien. The amount paid was the sum of $733.65, being the same amount recovered in this case and which it is claimed was a gift.

Aside from the admitted fact that the deceased did pay the amount of the note and satisfy the lien of the mortgage, the evidence as to the character of the transaction rests in alleged statements and declarations made by her concerning her intentions and her relations to her children, and of alleged

admissions made by Hope that he had borrowed the money from her and expected to  pay it back with interest.  Evidence of admissions and declarations is not as a rule the most satisfactory; verbal statements are liable to be misstated or distorted and in cases of the statements of deceased persons they are liable to abuse.

"Evidence of alleged admissions by a deceased person should be received with great caution as such evidence is the most dangerous that can be admitted and the most liable to abuse."   Bragg vs. Geddes, 93 Ill. 39; Laurence v. Laurence, 164 id. 367.

Ozment was the cashier of the bank where deceased kept her money and his testimony was that when she checked out the $733.65 she told him she was clearing the property up and giving it to plaintiff in error.

Pillow, the secretary of the building association to whom she made the payment, testified that she said Eliza, her daughter the wife of plaintiff in error, had helped her make what she had, that she was paying off the debt for her, was giving it to her, and thought she should have it, and the witness Felts testified he heard her say she gave her daughter and son-in-law the money to pay a mortgage on their place, and Delia Kinser stated the deceased had told her that she intended her daughter Eliza to have what she had.

It was testified by several witnesses that in a citation proceeding in the probate court involving this matter plaintiff in error testified there that he borrowed the money from the deceased and agreed to pay her the same interest· the bank paid.  This was the testimony of Edwin, Thomas and James Dangerfield, and also of J. L. McKay who were present at the hearing.   Thomas Dangerfield further testified plaintiff in error had told him repeatedly the same thing.   Plaintiff in error denied these statements and was corroborated by others witnesses, but if they were true the transaction was not a gift.   It was a matter for the jury who heard the witnesses and saw them to determine, and their finding, although the testimony disclosed other circumstances which

tended to show a disposition on the part of the deceased to make the gift, such as making her home with plaintiff in error and allowing him to freely check upon her account in the bank, will not be disturbed.

Second. It is urged there was error in giving on behalf of defendant in error the following instruction:

"You are instructed that though you may believe from the weight of the evidence that Eliza Hope, wife of the defendant, by her service to her mother, Hannah L. Dangerfield, did in some degree contribute to the acquiring of this money mentioned in this suit yet this fact alone would not raise for her such an interest in the estate of said Hannah L. Dangerfield as can be settled in this suit."

It is true that assistance of the daughter Eliza in acquiring the money was not such an interest in her as could be settled in this suit. It was a mere evidentiary fact based on some of the evidence. The court might have refused it for the reason that an instruction ought not to single out an evidentiary fact which with other facts go to prove the main or controlling fact. Such instructions are in the nature of arguments from the court and should not be given.

We do not agree the instruction virtually told the jury to disregard such evidence, and in effect it was harmless.

Third. Complaint is made of the remarks of counsel for defendant in error in his closing argument to the jury.

As there was no objection to the remarks and no ruling of the court thereupon to which exception was or could be taken, the question is not presented by the record in this court. Holloway v. Johnson, 129 Ill. 367. Where a gift is claimed it should be established by clear proof.

"The law requires that a gift whether direct or in trust shall be established by clear proof and no uncertainty shall exist either as to the subject or object of the gift." Barnum Exr. v. Reed, 136 Ill. 388.

We are of opinion no reversible error appears in this record and the judgment will be affirmed.

*Affirmed.*