## George E. Black, Appellee, v. William H. Black, Appellant.

1. EXCHANGE OF PROPERTY, § 8*—*when evidence of value of property inadmissible.* In an action where the issue was whether plaintiff made false representations concerning the drainage of lands exchanged, permitting witnesses for plaintiff to testify as to the value of the land, *held* error for the reason that there was no such issue and that it was immaterial.

2. EVIDENCE, § 224*—*when testimony of witness is hearsay.* Testimony of a witness as to how much corn and oats were grown on a farm during a certain year should be excluded as hearsay where he states that he got his information from a certain book.

3. EXCHANGE OF PROPERTY, § 8*—*when instruction as to false representations erroneous.* An instruction that defendant would not be justified in relying on plaintiff's representations concerning lands exchanged unless the defendant "did not have equal means of ascertaining the facts," *held* erroneous.

4. INSTRUCTIONS, § 7*—*when must be accurate.* Where evidence is in direct conflict, the instructions must be unambiguous and accurate or the judgment will be reversed.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

LE FORGEE, VAIL & MILLER and WHITLEY, FITZGERALD & MCLAUGHLIN, for appellant.

CREA & HOUSUM and W. W. REEVES, for appellee.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is a suit on a promissory note for $7,800 given by appellant to appellee in settlement of a balance due on a trade of lands. The lands are located in Champaign and Douglas counties.

The declaration consisted of a count on a promissory note in the ordinary form and the common counts. The pleas are the general issue and a partial failure of consideration because of false representation as to the drainage of the land lying in Champaign county and a misrepresentation as to the time a note bearing seven per cent interest was to run. The case was tried by a jury which returned a verdict in favor of appellee and against appellant for $8,508.81. Judgment was entered upon the verdict and appellant appeals. The errors assigned are on the admission and rejection of improper evidence and the giving and refusing of instructions.

On the trial of the case the court permitted two witnesses, over the objection of appellant, to testify as to the value of the one hundred and twenty acres in Douglas county. This was error, as there was no issue as to the value of that land and it was immaterial. The admission of this testimony, however, might be justified on the theory that appellant first introduced evidence on that question. If appellant made a good trade on the Douglas county land and appellee paid more than it was worth, appellant was entitled to the benefit of his trade. *Drew v. Beall,* 62 Ill. 164; *Antle v. Sexton,* 137 Ill. 416. The court also, over the objection of the appellant, permitted the witness DeLong to testify how much corn and oats were grown on the farm in 1911. His testimony was objected to on the ground he was not testifying from his own knowledge. He was then asked where he got his information and stated that he got it from the book of the Baldwin Elevator Company. A motion was made to exclude his

testimony and was overruled. This was error. The evidence was purely hearsay and should not have been admitted.

It is also urged that the court erred in giving appellant instructions 8 and 6 as modified. The concluding lines of those instructions, "did not have equal means of ascertaining the facts," are erroneous. Appellant if he did not know the facts had the right to rely on representation if made to induce the trade. On the merits of the case we think the verdict and judgment are right, but the evidence is in direct conflict. Where the evidence is in direct conflict, the instructions must be ambiguous and accurate or the judgment will be reversed. *Holloway v. Johnson,* 129 Ill. 367; *Junction Min. Co. v. Goodwin,* 109 Ill. App. 144. For the errors indicated, the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*